

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>AMERICA'S LIFT CHAIRS, LLC,<br><br>*Defendant*. | Case No. **1:21-CV-06808**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JUDGE SEEGER**<br>**MAGISTRATE JUDGE WEISMAN** |

Plaintiff, Jorge Alejandro Rojas, brings this action against Defendant America's Lift Chairs, LLC ("America's Lift"), and alleges based on personal knowledge and information and belief, as follows:

**INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act

1

("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3. This case involves a campaign by Defendant, to obtain business via itself or affiliates making telemarketing calls, regarding the sale of power lift chairs or recliners, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

6. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9. Defendant America's Lift Chairs LLC is a Georgia Domestic LLC with its registered agent of Jason Jue located at the address of its principal executive officers of 2 Village Walk, Suite 204, Savannah, GA, 31411.

10. Defendant is a person as defined by 47 U.S.C. § 153(39).

2

11. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated dialing systems.

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

15. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity (A) To store or produce telephone numbers to be called using a random or sequential number generator; and (B) To dial such numbers.

16. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone

number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

18. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

19. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

20. In Illinois, an Autodialer "means any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system." 815 ILCS 305/5.

21. In Illinois, the ATDA provides a private right of action of $500 per violation. 815 ILCS 305/30.

**FACTUAL ALLEGATIONS**

22. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

23. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

24. Plaintiff is the account holder and customary user of his phone number.

25. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

26. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

27. On December 21, 2021, at 12:38 PM Chicago Time, Plaintiff received a telephone call from a phone number of 213-205-2092. **Exhibit 2.**

28. When Plaintiff picked up the phone, he was met with an automated recording by "John" with "Support First" which stated that it was selling lift chairs.

29. Plaintiff was then connected to Margaret, who stated that the company's she was calling from was America's Lift Chair, and provided a website of https://www.americasliftchair.com. Margaret was attempting to sell Plaintiff a lift chair.

30. When Plaintiff called the number back, he was met with the same voice that called him earlier, stating that it was Support First, and that it was partnered with America's Lift Chair.

31. The call was made by Defendant for the purpose of soliciting the sale of their product.

32. Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

33. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

34. Plaintiff did not have a prior business relationship with the Defendant.

35. Defendant did not have any consent to call Plaintiff.

36. Defendant is not an organization exempt from the TCPA.

37. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

38. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

39. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

40. Defendant's made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

41. The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

42. In total, Defendant and/or its affiliates placed at least one (1) telephone solicitation calls to Plaintiff.

43. Plaintiff will identify any additional calls Defendant made in discovery.

44. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

45. Defendant has a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

46. The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

47. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the

calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

49. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

50. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

51. Plaintiff is also entitled to an award of costs.

52. Defendant's calls were not made for "emergency purposes."

53. Defendant's calls to Plaintiff were made without any prior express written consent.

54. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry, another violation of the TCPA and its implementing regulations.

55. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

56. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

57. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

58. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

### COUNT 1.
### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

59. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

60. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

61. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

62. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

63. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed – including for example violations involving the do not call list.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

### COUNT 2.
### Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305

64. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

65. Defendant did not have the consent of Plaintiff to call him using a system capable of performing the functions of an autodialer.

66. Nonetheless, Defendant or one of its affiliates or vendors did.

67. The ATDA allows for the recovery of statutory damages of $500 per call.

68. Defendant violated the ATDA each time it called Plaintiff, for a total of at least one (1) times.

69. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

### COUNT 3.
### Violation concerning Policies Related to Telemarketing, 47 C.F.R. § 64.1200(d)

70. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

71. The TCPA's implementing regulations require that callers have written policies, train people engaged in telemarketing, maintain proper records, and properly identify themselves.

72. Plaintiff alleges Defendant lacks the proper controls to prevent telemarketing violations.

73. Defendant violated this provision by failing to properly train its employees concerning the consent required for telemarketing calls, and for failing to properly identify themselves

during the initial telephone call. Specifically, the automated message stated that the call was made by "Support First" which Plaintiff does not believe is a true entity.

74. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for the telephone call Plaintiff answered.

75. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $2,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500 per call for violation of the Illinois Automatic Telephone Dialers Act;

E. Statutory damages of $500 per call in violation of 47 C.F.R. § 64.1200(d);

F. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial or obtained in discovery; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: December 21, 2021

/s/ Jorge Alejandro Rojas

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

# EXHIBIT 1

# EXHIBIT 1

 **Jorge Rojas <rojas.jorge96@gmail.com>**

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>  Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



15:38

< Recents



**Scam Likely**
+1 (213) 205-2092
Los Angeles, CA

    
message    call    video    mail    pay

Today
12:38   **Incoming Call**
        4 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    
Favorites    Recents    Contacts    Keypad    Voicemail (137)